UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br> v. <br><br> M. DIANE HUTTON-POTTS, SURVIVING TRUSTEE OF THE HUTTON-POTTS FAMILY TRUST DATED SEPTEMBER 25, 1989; SECRETARY OF HOUSING AND URBAN DEVELOPMENT; DEPARTMENT OF TREASURY-INTERNAL REVENUE SERVICE, <br><br> Defendants. | Case No. 3:17-cv-00684-MMD-WGC <br><br> ORDER |

This is a case involving an alleged mistake in the legal description of property subject to a deed of trust ("DOT"). The Court questions whether it has subject-matter jurisdiction over this action and orders the parties to file a status report addressing this issue.

Subject-matter jurisdiction is a threshold issue that may be raised at any time—including by the court *sua sponte*—because it concerns the power of the court to hear a particular case. Fed. R. Civ. P. 12(b)(1), 12(h)(3). The court must dismiss a case if no subject-matter jurisdiction exists. Fed. R. Civ. P. 12(h)(3). Even where neither party contests subject-matter jurisdiction, courts are "bound to address it *sua sponte* if it is questionable." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir.1991) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988)).

///

The Complaint in this action was filed in Douglas County District Court on October 20, 2017 (ECF No. 1-2 at 3), and the United States of America acting on behalf of the Internal Revenue Service ("IRS") removed "under 28 U.S.C. § 1442 because the United States or its agency are named as defendants and under 28 U.S.C. § 1444 because the Complaint appears to affect real property upon which the United States holds a tax lien." (ECF No. 1 at 2.) The Complaint names the IRS and the Secretary of Housing and Urban Development ("HUD") as Defendants. (ECF No. 1-2 at 3-4.) The Complaint also alleges that the IRS holds a tax lien against the property that is the subject of this action. (*Id.* at 7.)

The first basis for jurisdiction—28 U.S.C. § 1442—may no longer apply. HUD disclaimed any interest in the subject property. (ECF No. 5 at 2.) And the IRS stipulated that BANA's DOT was senior to its tax lien and that the United States would be excused from further participation in the case. (ECF No. 8 at 4-5.) The Court granted the stipulation. (ECF No. 9.) Accordingly, the Court questions whether there is any dispute between BANA and the federal Defendants to ground jurisdiction.

The second basis for jurisdiction—28 U.S.C. § 1444—also may no longer apply in light of the stipulation between BANA and the IRS. The Court questions whether this action could affect the IRS's tax lien.

If neither basis for federal jurisdiction exists, then the Court's only remaining jurisdiction over BANA's claims would be supplemental. *See* 28 U.S.C. § 1367.

Accordingly, the parties are ordered to file a status report within seven days addressing whether the Court has subject-matter jurisdiction.

DATED THIS 6th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE