UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br>v.<br><br>M. DIANE HUTTON-POTTS, SURVIVING TRUSTEE OF THE HUTTON-POTTS FAMILY TRUST DATED SEPTEMBER 25, 1989; SECRETARY OF HOUSING AND URBAN DEVELOPMENT; DEPARTMENT OF TREASURY-INTERNAL REVENUE SERVICE,<br><br>Defendants. | Case No. 3:17-cv-00684-MMD-WGC<br><br>ORDER |

This is a case involving an alleged mistake in the legal description of property subject to a deed of trust ("DOT"). The case was properly removed, but the Court lacks subject matter jurisdiction over the claims in the case. Accordingly, the Court will remand this case to Douglas County District Court.

Plaintiff Bank of America, N.A. ("BANA") filed the case in Douglas County District Court (ECF No. 1-2 at 3), and Defendant Internal Revenue Service ("IRS") properly removed under 28 U.S.C. §§ 1442 and 1444 (ECF No. 1 at 2). Even when a case is properly removed, however, the Court still may lack subject matter jurisdiction to hear the claims in the case. *See Neb. ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998) ("A defendant's power to remove a case to federal court is independent of the federal court's power to hear it. These are analytically distinct inquiries and should not be confused. Once a case is properly removed, a district court has the authority to decide

whether it has subject matter jurisdiction over the claims."). The Court must remand removed cases where there is no subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, it is undisputed that removal was proper, but the Court *sua sponte* ordered the parties to submit status reports addressing the Court's subject matter jurisdiction based on the Court's obligation to ensure jurisdiction under 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 12(h)(3).[1] (*See* ECF No. 20 at 1-2.) The Court has reviewed Plaintiff BANA's status report[2] (ECF No. 22) as well as Defendant M. Diane Hutton-Potts's ("Trustee") status report (ECF No. 23).

BANA asserts that the Court has subject matter jurisdiction solely under 28 U.S.C. § 1332. (ECF No. 22 at 3.) To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

The parties only dispute whether the amount in controversy exceeds $75,000. BANA argues that the amount in controversy is $246,400—the principal amount of original loan secured by the DOT. (ECF No. 22 at 3.) The Trustee argues that the amount in controversy consists of the value of an exclusive fire and access easement not subject to the DOT. (ECF No. 23 at 2.) The Trustee further argues that BANA has failed to provide any admissible evidence of the value of the easement. (*Id.*)

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v.*

---

[1] 28 U.S.C. § 1442 allows removal of civil actions against agencies of the United States. 28 U.S.C. § 1444 allows removal of civil actions that could affect real property on which the United States has liens. The Complaint names the IRS and the Secretary of Housing and Urban Development ("HUD") as Defendants. (ECF No. 1-2 at 3-4.) The Complaint also alleges that the IRS holds a tax lien against the property that is the subject of this action. (*Id.* at 7.) But HUD disclaimed any interest in the subject property (ECF No. 5 at 2), and the IRS stipulated that BANA's DOT was senior to its tax liens and that the United States would be excused from further participation in the case. (ECF No. 8 at 4-5; ECF No. 9 (granting stipulation).)

[2] BANA filed a "status report" (ECF No. 21) as well as a "revised status report" (ECF No. 22). The Court considers only the revised status report.

*Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In addition, under the "either viewpoint" rule, the amount in controversy is satisfied if either party can gain or lose the jurisdictional amount. *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). A preponderance of the evidence standard requires "evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

BANA bears the burden of establishing jurisdiction because it is the party seeking to avail itself of the Court's jurisdiction and because the amount in controversy is not evident on the face of the Complaint, even though BANA is the plaintiff and did not seek removal. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting that the burden of establishing jurisdiction rests upon the party asserting jurisdiction). The Court finds that BANA has failed to meet its burden.

While BANA contends that it will be unable to foreclose on its DOT and will lose its $246,400 loan if it does not receive the relief it requests, the record does not support BANA's position. It is undisputed that BANA's DOT encumbers the entirety of the subject property except for an exclusive fire and access easement. (*See* ECF No. 17 at 3; ECF No. 18 at 7-8.) BANA has presented no reason that it could not foreclose on the portion of the subject property encumbered by the DOT. Thus, the "object of the litigation" appears to be the fire and access easement. There are no allegations in the record about the

monetary value of the easement, and there are no facts in the Complaint from which the Court might infer that the value of the easement exceeds $75,000. Accordingly, the Court finds that the amount in controversy does not exceed $75,000.

It is therefore ordered that this case is remanded to Douglas County District Court.

It is further ordered that the Clerk of the Court close this case.

DATED THIS 20th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE